UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nathan Osai Williams,                                    Civ. No. 14-616 (PAM/JJK)

                              Plaintiff,

v.                                              **MEMORANDUM AND ORDER**

Carolyn W. Colvin, Acting
Commissioner of Social Security,

                              Defendant.

_____

This matter is before the Court on the Report and Recommendation ("R&R") of

Magistrate Judge Jeffrey J. Keyes dated January 12, 2015.  (Docket No. 21.)  In the R&R,

Magistrate Judge Keyes recommended that the Court deny Plaintiff's Motion for Summary

Judgment, grant Defendant's Motion for Summary Judgment, and dismiss the matter with

prejudice.  Plaintiff filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the

Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C);

Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).  Based on that de novo review, the Court adopts

the R&R.

**BACKGROUND**

Plaintiff Nathan Osai Williams applied for supplemental security income benefits,

alleging that he was disabled as of March 17, 2011,[1] approximately one month before his

_____

[1]  Plaintiff initially claimed a disability onset date of October 2003, but this date was
amended to March 2011 during the administrative process.  (Admin. R. at 13.)

application for benefits.[2]  He alleges that he suffers from major depressive disorder, anxiety disorder, post-traumatic stress disorder, and a history of substance abuse, and that these conditions prevent him from maintaining employment.  (Admin. R. at 15.)  Plaintiff's application was denied, and, after a hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act.  (Id. at 14.)  The appeals council denied Plaintiff's request for review, and Plaintiff filed this lawsuit thereafter.

**DISCUSSION**

This Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole."  McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000).

> Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.  In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it.  As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Id. (citations omitted).

In his Objections, Plaintiff contends that the ALJ failed to assess the opinions of his treating therapists as the law requires, and that the ALJ's decision is not supported by

---

[2]  The ALJ's decision and the R&R state that Plaintiff's disability-benefits application was filed on March 17, 2011, but the record itself lists April 21, 2011, as the date on which Plaintiff applied for benefits.  (E.g., Admin. R. at 163.)  The discrepancy in dates is unexplained but is also irrelevant for the purposes of the Court's analysis.

substantial evidence on the record as a whole.

The ALJ afforded little weight to the opinions of Plaintiff's treating counselors and therapists: Mr. Rassa, Ms. Lunde, and Mr. Swaverland. The ALJ noted that the opinions of these three individuals that Plaintiff was unable to work were "at odds with the record as a whole, particularly [the therapists'] own observations of improved symptoms and the claimant's reported activities of daily living." (Admin. R. at 20.) Instead, the ALJ afforded significant weight to the opinion of an independent neuropsychological evaluator, which the ALJ determined was consistent with the evaluator's "examination findings and the weight of the record." (Id. at 21.)

Plaintiff argues that the ALJ failed to evaluate the opinions of the treating counselors and therapists using the factors in Social Security Ruling 06-03p. These factors include

> how long the source has known the claimant, how consistent the opinion is with other evidence, the degree to which the source presents evidence to support the opinion, whether the source has an area of expertise related to the claimant's impairments, and any other factors that refute or support the opinion.

Halverson v. Astrue, Civ. No. 08-784, 2009 WL 212934, at *14 (D. Minn. 2009) (Nelson, M.J.). But although the ALJ did not explicitly acknowledge these factors, his opinion makes clear that he evaluated the treating counselors' and therapists' opinions using the factors. For example, the ALJ discussed the progression of Plaintiff's treatment, thus acknowledging the "longitudinal perspective" of those opinions. (Pl.'s Obj. at 4.) The ALJ found, however, that the disability opinions of the long-term providers was entitled to little weight because it appeared from the record as a whole that Plaintiff had made significant improvements in his

functioning over time. In addition, the ALJ discussed the evidence supporting the providers' opinions and, again, found such evidence inconsistent with other evidence in the record, including other evidence from those providers' treatment notes. The ALJ did not err in failing to give controlling weight to the opinions of Plaintiff's counselors and therapists.

Finally, Plaintiff contends that there is not substantial evidence in the record as a whole to support the ALJ's determination that Plaintiff was able to work. As noted, however, the fact that Plaintiff consistently improved his functioning, when combined with the opinions of the consultative examiners, provides that substantial evidence.

**CONCLUSION**

Plaintiff's objections are without merit, and substantial evidence in the record supports the Commissioner's decision to deny benefits. Accordingly, **IT IS HEREBY ORDERED that**:

1.     The R&R (Docket No. 21) is **ADOPTED**;

2.     Defendant's Motion for Summary Judgment (Docket No. 14) is **GRANTED**;

3.     Plaintiff's Motion for Summary Judgment (Docket No. 12) is **DENIED**; and

4.     This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>February 9, 2015</u>

<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge